[No. 19913.  Department Two.  October 21, 1926.]

WILLIAM BROWN *et al., Respondents,* v. CHRISTOPHER
MANOS, *Appellant.*[1]

[1] HOMESTEAD (9)—ACQUISITION—TIME OF.    Under Rem. Comp.
Stat., § 529, providing that a householder, being the head of the
family, may select a homestead at any time before sale, he may
do so notwithstanding a prior judgment obtained against him
while holding the property before he became a householder.

[2] SAME (16)—LIABILITY ENFORCIBLE AGAINST HOMESTEAD—JUDG-
MENT—PRIORITY.  A judgment obtained for the wrongful and
fraudulent use of property does not come within the provisions of
Rem. Comp. Stat., § 533, subjecting the homestead to execution
on forced sale, where the judgment was for debts secured by
mechanic's, laborer's, materialmen or vendor's liens or for debts
secured by mortgage executed by husband and wife.

[3] SAME (29-1)—ABANDONMENT—REMOVAL TO OTHER DOMICILE.  Re-
moval from a homestead does not show an abandonment of the
homestead right, or bad faith in selecting a homestead on land
which the debtor had owned for some time and was living on at
the time the declaration was filed.

Appeal from a judgment of the superior court for
Spokane county, Lindsley, J., entered October 30, 1925,
upon findings in favor of the plaintiffs, in an action to
quiet title, tried to the court.  Affirmed.

*Harry Rosenhaupt* and *Lucius G. Nash,* for appel-
lant.

MAIN, J.—The plaintiffs, claiming a homestead right
in certain real estate, brought this action to quiet title
to the same.  The defendant relied upon a judgment
which he claimed was a lien superior to the homestead
right.  The trial was to the court without a jury and
resulted in findings of fact, conclusions of law and a
judgment quieting title as prayed for in the complaint.
From this judgment, the defendant appeals.

[1]Reported in 250 Pac. 36.

The respondent William Brown on September 15, 1924, was then, and for some years prior thereto had been, the owner of thirteen acres of land upon which he had continuously resided. On this date, the appellant in this action recovered a judgment against him for $1,077.50. Brown at the time was a bachelor. On January 29, 1925, he married the respondent Ottelia Brown. On February 27, 1925, William Brown filed a declaration of homestead covering the property upon which he previously resided and upon which at that time he and his wife resided. On August 22, 1925, the appellant caused the property claimed as a homestead to be sold on execution to satisfy the judgment above mentioned, and he became the purchaser at the sale and received the sheriff's certificate covering the property. As above stated, the trial court was of the view that the homestead right was superior to the claimed judgment lien.

[1] The appellant first contends that, since William Brown was not a "householder, being the head of the family," at the time the judgment was obtained, he could not subsequently defeat the judgment lien by acquiring the status of a householder and claim a homestead exemption. From the facts stated, it appears that, at the time of the sale of the property on execution, William Brown was a householder, then being the head of a family. Rem. Comp. Stat., § 529 [P. C. § 7849], after providing that a homestead shall be exempt to "every householder, being the head of the family," concludes with this statement: "Such homestead may be selected at any time before sale." Here is an express legislative declaration that the homestead may be selected at any time before sale. The statute does not provide that the homestead may be selected at any time before sale provided the one claiming it had the status of a householder at the time a prior judgment

was obtained against him.. When the appellant secured his judgment against Brown in the other action, he was charged with knowledge of this statute and that the debtor might acquire the status of a householder before a sale of the property on execution and thereby acquire the right to claim a homestead. So far as we. have been able to ascertain, all the cases cited by the appellant holding that the status of a householder must exist at the time the judgment is entered, in order that a homestead right may be asserted, are upon statutes or constitutional provisions none of which have the express declaration that the homestead may be selected any time before sale, as does the statute of this state.

[2] The second contention is that the judgment was for the wrongful and fraudulent use of partnership funds and that therefore the judgment is superior to the claimed homestead right. Rem. Comp Stat., § 532 [P. C. § 7863], provides:

"The homestead is exempt from execution or forced sale, except as in this act provided."

The exemption there referred to is found in Rem. Comp. Stat., § 533 [P. C. § 7864], and is as follows:

"The homestead is subject to execution or forced sale in satisfaction of judgments obtained: (1) On debts secured by mechanic's, laborer's, materialmen's or vendor's liens upon the premises. (2) On debts secured by mortgages on the premises executed and acknowledged by the husband and wife or by any unmarried claimant."

The judgment upon which the appellant relies does not come within any of these exceptions.

[3] It is further contended that the respondents never intended to occupy the land as a home and that the declaration of homestead was not made in good faith. The evidence will not justify a holding that the declaration of homestead was fraudulent and not made

in good faith. William Brown had owned and resided upon the property for a number of years, and he and his wife were residing thereon at the time the declaration was filed. The fact that sometime thereafter they moved to another location would not defeat the homestead right or show bad faith. The moving from the premises did not constitute an abandonment. Rem. Comp. Stat., § 535 [P. C. § 7866], provides:

"A homestead can be abandoned only by a declaration of abandonment, or a grant thereof, executed and acknowledged,—

"1.   By the husband and wife if the claimant is married;

"2.   By the claimant, if unmarried."

The judgment will be affirmed.

TOLMAN, C. J., MITCHELL, PARKER, and MACKINTOSH, JJ., concur.